Rosen, Kantrow & Dillon, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
38 New Street
Huntington, New York 11743
631 423 8527
Fred S. Kantrow
Nico G. Pizzo

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

                                              Case No.: 18-75096-las

DONALD E. REIHER, and
ROSE E. REIHER,                                   Chapter 7

                         Debtors.
-----------------------------------------------------------x

## APPLICATION FOR RETENTION OF BK GLOBAL REAL ESTATE SERVICES TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327

Allan B. Mendelsohn, Chapter 7 Trustee, pursuant to 11 U.S.C. § 327, states as follows:

1. Allan B. Mendelsohn, is the duly qualified and acting Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Donald E. Reiher and Rose E. Reiher (the "Debtors").

2. An asset of the bankruptcy estate is real property located at 310 BANBURY RD., NORTH MASSAPEQUA, NY 11758, and which is legally described as follows:

    LOT:5 BLK:508 SEC:52 DIST:282489 CITY/MUNI/TWP: OYSTER BAY UNINCORPORATED TOWN #3 SCH DIST 018

    hereinafter referred to as the "Real Property".

3. The Debtors have not asserted, nor can they assert any exemption to Real Property.

4. The Debtors listed the Real Property on their schedules as having a value of $350,000.00.

5. The Real Property is subject to the following mortgage(s) or lien(s):

    a. Senior Mortgage Holder: Mr. Cooper (the "Senior Mortgage Holder")

6. Senior Mortgage Holder has filed proofs of claims setting forth balances due and owing on the Real Property in an amount exceeding $389,545.93.

7. Based upon the market value of the Real Property provided by the Debtors and the Proof of Claim or schedules of the Debtors, Senior Mortgage Holder debt is in excess of the market value of the Real Property.

8. The Handbook for Chapter 7 Trustees published by the Executive Office of the United States Trustee, states on pages 4 – 14, under Section 9 "Sales of Assets" (a) General Standards "A trustee may sell assets only if the sale will result in a meaningful distribution to creditors. The Section further states "the trustee may seek a "carve-out" from a secured creditor and sell the property at issue if the "carve-out" will result in a meaningful distribution to creditors. Further, the Section states "The trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset."

9. BK Global Real Estate Services ("BK Global") provides services to trustees as BK Global has expertise and experience in assisting trustees in negotiating with Senior Mortgage Holders to accomplish the following:

    a. Sell the Real Property under 11 U.S.C. § 363(b) to whichever party the Chapter 7 Trustee determines to have made the best qualified offer with the sale approved by the Court, pursuant to 11 U.S.C. § 363;

    b. Obtain the release of the Senior Mortgage Holder waiving all of its claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale);

    c. Work with the Senior Mortgage Holder to enter into an agreement for an 11 U.S.C. § 506 surcharge to pay closing expenses associated with the § 363 sale, including the payment of a six percent (6%) real estate brokerage commission to BK Global and any associated or cooperating real estate professional(s), and provide a meaningful carve out for the benefit of allowed unsecured creditors of the Debtors' estate in an amount no less than $25,000.00; and

    d. Make certain the amount of the carve out is clearly set out in the motion to sell the Real Property pursuant to 11 U.S.C. § 363.

10. BK Global will also assist the Chapter 7 Trustee in negotiations with the first mortgage holder to obtain the consent of the first mortgage holder for the sale of the Real Property. Should Trustee sell the Real Property, subject to a separate Order of the Court under Bankruptcy Code section 363, then BK Global would split the six percent (6%) commission with an associated or cooperating broker and would be entitled to two percent (2%) of the gross sale price, the Local Listing Broker identified as Deborah Bacchus of My Dream Home Realty Inc. would be entitled to two percent (2%) of the gross sale price, and any Buyer's Broker, or selling broker, would be entitled to the remaining commission of two percent (2%) of the gross sale price.

11. The broker commissions shall be separate and apart from the bankruptcy estate carve out from the sale proceeds which is for the benefit of unsecured creditors of the bankruptcy estate, and will result in a meaningful distribution to the creditors of the estate, and upon a successful resolution with the Senior Mortgage Holder, a separate motion will be filed seeking approval of the settlement terms and conditions.

12. BK Global will not be entitled to any commission if the purchase and sale transaction contemplated herein does not close.

13. In no event will the bankruptcy estate have any obligation to pay BK Global or an associated or cooperating real estate professional for their services, or to pay for customary title and closing services. BK Global and any associated or cooperating listing or selling brokers are only entitled to payment if and when (a) the motion to approve sale is granted and (b) the Real Property is sold, in which event BK Global would be entitled to two percent (2%) of the gross sale price, the Local Listing Broker identified as Deborah Bacchus of My Dream Home Realty Inc. would be entitled to two percent (2%) of the gross sale price, and any Buyer's Broker, or selling broker, would be entitled to two percent (2%) of the gross sale price.

14. The Trustee believes that the highest and best value for the Real Property will be generated through a sale in which the Real Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtors' bankruptcy estate, but can likely only be achieved if the Senior Mortgage Holder's consent is first obtained. The Chapter 7 Trustee believes that retaining BK Global to obtain the Senior Mortgage Holder's consent is in the best interest of the Debtors' bankruptcy estate.

15. The Trustee submits that the terms of employment and compensation as set out in this application and the listing agreement (Exhibit "A"), are reasonable in light of the extensive experience of BK Global and any associated or cooperating real estate professional(s), and the nature of the services they provide.

16. BK Global attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as Exhibit "B" is an Affidavit of Disinterestedness of BK Global. BK Global also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than a listing agent or a buyer's (or selling) agent, if applicable.

WHEREFORE, based upon the foregoing, the Chapter 7 trustee seeks the Court's authority to retain BK Global in this case and requests that the Court approve the compensation arrangements set forth in the listing agreement and this application, pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code; and for such other and further relief as the Court determines is appropriate.