UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

DONALD E. REIHER and
ROSE E. REIHER,

Debtors.
-----------------------------------------------------------x

Case No.: 8-18-75096-las

Chapter 7

# ORDER RETAINING BK GLOBAL REAL ESTATE SERVICES AS BROKER

Upon the application dated November 26, 2018 ("Application") [dkt. no. 25] of Allan B. Mendelsohn, Chapter 7 trustee ("Trustee") for the estate of Donald E. Reiher and Rose E. Reiher, debtor ("Debtors"), by and through his counsel Rosen, Katrow & Dillon, PLLC, seeking entry of an Order authorizing Trustee to retain BK Global Real Estate Services ("BK Global"), as real estate broker for Trustee under sections 105, 327 and 328 of Title 11, United States Code ("Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Local Bankruptcy Rule for the Eastern District of New York ("Local Rules"), to assist Trustee in the marketing and selling of the real property commonly known as, and located at 310 Banbury Road, North Massapequa, NY 11758, legally known as LOT:5 BLK:508 SEC:52 DIST:282489 CITY/MUNI/TWP:OYSTER BAY UNINCORPORATED TOWN #3 SCH DIST 018 ("Real Property"); and upon the affidavit of Patrick Butler, BK Global's broker-in-charge, sworn to on September 12, 2018; and it appearing that BK Global does not hold or represent an interest adverse to Debtor's estate and is a "disinterested person" as that term is used in 11 U.S.C. section 101(14); and that BK Global's employment will be in the best interests of the estate; and upon the affidavit of Deborah Bacchus of My Dream Home Realty Inc., as the Local Listing Broker, sworn to on September 11, 2018; and it appearing that My Dream Home Realty Inc. does not hold or represent an interest adverse to Debtor's estate and is a "disinterested person" as that

1

term is used in 11 U.S.C. section 101(14); and that the employment will be in the best interests of the estate; and it appearing to the Court that relief sought by the Trustee is appropriate and should be granted; it is hereby:

**ORDERED** that in accordance with 11 U.S.C. sections 327(a), and 328, and Bankruptcy Rule 2014, BK Global be, and hereby is, retained to act as a real estate broker on behalf of the Trustee for the estate, effective as of November 5, 2018, for the sole purpose of marketing the estate's interest in the Real Property; and

**IT IS FURTHER ORDERED**, that BK Global may place the listing for the Real Property on the "Multiple Listing Service" ("MLS"); and

**IT IS FURTHER ORDERED**, that the total commission earned by all real estate professionals shall be six (6) percent of the gross sale price and BK Global or any other real estate professional, shall not receive any reimbursement of disbursements related to the advertising of the Real Property; and

**IT IS FURTHER ORDERED**, that should Trustee sell the Real Property, subject to a separate Order of the Court under 11 U.S.C. section 363, then BK Global would split the commission and would be entitled to two percent (2%) of the gross sale price, the Local Listing Broker, identified as Deborah Bacchus of My Dream Home Realty Inc., would be entitled to two percent (2%) of the gross sale price, and any buyer's broker or selling broker would be entitled to two percent (2%) of the gross sale price, expressly subject to the requirements below; and

**IT IS FURTHER ORDERED**, that BK Global, and/or any other cooperating broker on MLS who finds the purchaser of the Real Property, shall be compensated only upon application and upon notice and opportunity to object and in accordance with the procedures set forth in 11

U.S.C. sections 330 and 331, and such Bankruptcy Rules as may be applicable from time to time, the Local Rules, and such procedures as may be fixed by order of this Court; and

**IT IS FURTHER ORDERED**, that BK Global shall not share its compensation with any other individuals or entities, other than as set forth herein, and those agents and/or employees who are or were employed by BK Global that are entitled to wages and/or commission from the sale of the Real Property; and

**IT IS FURTHER ORDERED**, that pursuant to 11 U.S.C. section 327(a), BK Global shall seek compensation upon completion of services rendered to Trustee, upon proper application to the Court, and upon notice and a hearing pursuant to 11 U.S.C. sections 330 and 331 and Bankruptcy Rule 2014 and Local Rule 2014-1 and the Guidelines of the Office of the United States Trustee; and

**IT IS FURTHER ORDERED**, that the United States Trustee retains all rights to object to BK Global's interim and final fee applications on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final applications pursuant to section 330 of the Bankruptcy Code; and

**IT IS FURTHER ORDERED**, that BK Global, as Broker to Trustee, shall not hold any of the funds received in connection with the proposed sale of the Real Property and all funds shall be held by Trustee in his segregated account.

**Dated: January 14, 2019**
**Central Islip, New York**

_Louis A. Scarcella_
**Louis A. Scarcella**
**United States Bankruptcy Judge**